### SHARP vs. KNOX.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. LANDRY.

When a plaintiff brings suit in the Court of Probates to recover property which is claimed by the defendant under a will, it will be dismissed for want of jurisdiction, as involving a question of titles to property, which the Probate Court cannot try.

The Court of ordinary jurisdiction, *i. e.* the District Court, can alone try questions of title, and a suit involving the right to property, claimed under a will and confirmatory act, must be brought in this Court.

This is a suit brought by the petitioner in the Probate Court, who alledges she is the mother of Eleonor O'Donogan deceased, late wife of Wm. G. Knox, who died on the 31st day of November 1829 leaving neither descendants nor ascendants, and that she is entitled to the succession of her deceased daughter.

The petitioner alledges her daughter died, leaving a large property in community with her husband Wm. G. Knox, besides paraphernal property to the amount of 2000 dollars. She further states that she is entitled to the successions of her two deceased sons, M & W. O'Donogan, who left an estate worth six thousand dollars, and that the said Knox took upon himself the administration of their successions, and has rendered no account.

The petitioner prays for an inventory to be made of the property in community between her deceased daughter and William G. Knox, and a judicial partition be made of it; and that the said Knox be made to account for the administration of the succession of her two deceased sons, and pay them over to her.

In supplemental petition, the plaintiff alleges that said William G. Knox claims all the estate of her deceased daughter, Eleanor O'Donogan, by virtue of an act purporting to be the last *will* and testament of said Eleanor, but which is alleged to be null and void:—1. Because it is not dated at any place. 2. That because the Notary who pretends to have drawn the act, does not state that he is of any particular Parish, or even of the State of Louisiana. 3. Because the witnesses are not stated to be domiciliated in any particular Parish or State. 4. Because the Notary does not say that he wrote the will as it was dictated. 5. Because he does not say that he read the will to the testatrix in presence of the witnesses. 6. Because no mention is made by the said Notary of the whole of the formalities having been fulfilled at one time, without interruption or turning aside the other acts. 7. During the whole of the day on which the said will purports to have been made, the said Eleonor was dying and consequently not in a state of mind to make a valid disposition of her property and will.

The petitioner further alledges she was induced by fraudulent and indelicate means, immediately after the death of her daughter, when her mind was in a phrenzied state, to sign a confirmatory act, for the purpose of curing the nullities in the said will of her daughter, and to allow said Knox the whole of her daughters' property. The confirmatory act she avers is null and void, as being obtained by fraud and surprise; and because it does not recite the nullities of the will.

She prays that both the will and confirmatory act be declared null aud void and of no effect.

The defendant Knox put in an exception to the jurisdiction of the Probate Court, because the suit is brought to try title to real property and receive the same from the defendant : that the District Court alone can take jurisdiction of such a case.

In answer to the merits, the defendant claimed the right to the whole of the succession of his deceased wife, in virtue of the aforesaid will, as ratified and confirmed by the plaintiff in two subsequent confirmatory acts.

The Court of Probates decided it had no jurisdiction of the cause, and dismissed the suit.

*Gayoso* for plaintiff ; in support of the jurisdiction of the Probate Court—argued 1. That it had jurisdiction of this cause, because the suit being instituted to obtain a judicial partition of the property of a succession, in which case this Court has exclusive jurisdiction. Because the validity of the defendant's title to be enquired into, is founded on the validity of a will which has never been admitted to Probate, and consequently is a question most properly within the jurisdiction of the Probate Court,—*See Code of Practice*— Art. 922. 924 and 130. La. Code Art. 1637. 12 Mar.— 234. 5 Mar. N. S. 50—217. 3 Mar. N. S. 473.

*Lewis* and *Barry* for defendant. By the plaintiff's own shewing, the defendant has title to the property of his deceased wife, and questions of title the Probate Court cannot try. 4 Mar. N. S. 77—485 509, 5 Mar. N. S. 9.—Code of Practice—Art. 924—N. 9. Art. 983.

The want of Probate of the will does not appear in the record. It is not to be seen in any part of the case. 3 Mar. N. S. 473.

*Martin* J. delivered the opinion of the Court.

The plaintiff, the mother of the defendant's deceased wife, who died without issue, claims a settlement of the

D

estate in community between her daughter and the defendant; and the partition of the nett estate—and that the paraphernal estate of the deceased may be accounted for.

By a supplemental petition, the plaintiff prayed that a will and deed of confirmation of her deceased daughter, under which the defendant claims her estate may be set aside as improperly obtained.

The defendant pleaded to the jurisdiction of the Court, denying its authority to inquire into the validity of the title under which the defendant holds real property.

The plea to the jurisdiction was sustained, the suit dismissed, and the plaintiff appealed,

When a plaintiff brings suit in the Court of Probates to recover property which is claimed by the defendant under a will, it will be dismissed for want of jurisdiction, as involving a question of titles to property, which the Probate Court cannot try.

The Court of ordinary jurisdiction, *i. e.* the District Court, can alone try questions of title, and a suit involving the right to property, claimed under a will and confirmatory act, must be brought in this Court.

The petitioner herself shews that the defendant holds the property claimed from him under a will and confirmatory act which she seeks to set aside. This she cannot effect, except in a Court of ordinary jurisdiction, *i. e.* in the District Court.

The judge of the Court of Probates acted correctly in sustaining the plea to the jurisdiction :

It is therefore ordered, adjudged and decreed that the judgment be affirmed with costs.